## SHELTON v. DAVIS et al.
### No. 6863.
Circuit Court of Appeals, Fifth Circuit.
June 7, 1933.

George P. Garrett, of Orlando, Fla., and Latimer A. Long, of Auburndale, Fla., for appellant.

Spessard L. Holland, of Bartow, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

J. C. Shelton, as receiver of First National Bank of Lakeland, brought a bill in equity in the District Court against the executors of Lillian M. Inman and the executrix of L. L. Davis, asserting that the Inman estate was indebted to the bank and that the Davis estate owed the Inman estate a note which had been lost, destroyed, or improperly surrendered, and praying to re-establish the latter note and collect and apply it to the bank's debt. The bill was dismissed without prejudice and the receiver appeals.

The bill alleges that the Inman estate owes many other debts and "is at the present time wholly unable to pay out of any available assets." It does not allege that the estate has no other assets than the Davis note, or is insolvent, or that the executors are insolvent. It alleges that the executors have refused to sue the Davis note, but have "authorized the plaintiff herein to institute this suit in his own name as receiver as aforesaid as a creditor of said estate for and in behalf of the creditors thereof." The Inman executors answered, admitting every allegation of the bill, and they expressly waived any right they had to a jury trial and waived the objection that the receiver was not a judgment creditor who had exhausted his legal remedy. The Davis executors moved to dismiss because the plaintiff had no right to sue them, was not a judgment creditor of the Inman estate, and had a plain, adequate, and complete remedy at law.

The receiver as an officer of the United States was entitled to federal jurisdiction if entitled to sue at all. Auten v. U. S. National Bank, 174 U. S. 125, 19 S. Ct. 628, 43 L. Ed. 920; Lehman v. Spurway (C. C. A.) 58 F.(2d) 227. Not holding it as security, he could not sue the Davis note at law because the right of action was in the Inman executors. Their consent without an assignment was insufficient and could be availed of only by suing in their name. A suit brought in the name of the executors must have been at law, affording the Davis estate the jury trial which it claims, and it could not have been brought in the federal court. "As a general rule, creditors cannot sue the debtors of an estate, nor can the debtor be made a co-defendant to a bill at the instance of a creditor, against the executor, unless there be collusion, insolvency, unwillingness to proceed to collect the assets, or some other special facts to warrant it." Gilbert v. Thomas, 3 Ga. at page 581, and cases cited. To justify a bill in equity there must be a real case of inadequacy of remedy at law, and a necessity to appeal to equity. The receiver here is really interested only in collecting his own note. If the Inman estate is solvent (and there is no allegation that it is not), he has no cause to pursue the Davis estate. If the executors of the Inman estate have wasted it, they are responsible, and are not alleged to be insolvent. Their authorizing the receiver to sue and admitting and waiving everything in their answer, gives the case the appearance of a collusion with the receiver to protect the other assets of the Inman estate and the executors themselves by pursuing the Davis estate, and to have the receiver to sue in order to obtain federal jurisdiction. The receiver not only has not exhausted his legal remedy against the Inman executors, nor shown it to be inadequate, but he does not in this bill, even after leave to amend, pray for any specific relief except against the Davis estate. While on the admissions of the Inman executors he is entitled to a judgment against them, and while the Davis executors would be sufficiently protected by dismissing the bill as to them, since he did not and would not ask such judgment the court rightly dismissed the whole bill without prejudice.

It is argued that there was an equity to establish and recover upon the lost note, 38 C. J., Lost Instruments, § 32. But the bill does not say the note is lost but that it is "lost, destroyed or surrendered," and nevertheless it exhibits a full copy of it. The note is payable to order, is not under seal, and was three years past due when the bill was filed. It is not alleged that it had been

indorsed and lost before due. If only improperly surrendered, it might be required to be produced in a suit at law. If destroyed, a suit might yet be had at law upon it using secondary evidence, and equity is without jurisdiction. 38 C. J. § 43. Even if lost, unless indorsed and lost before due there could be no innocent holder to be indemnified against, and the better view is that equity has not jurisdiction. Bisp. Prin. Eq. § 177; 38 C. J. § 42. But after all the equity, if any, to re-establish or recover on it is that of the Inman executors, and the receiver cannot assert it unless under circumstances where he could proceed against the Davis estate were the note not lost.

Because the bill does not sufficiently show any right of action at law or in equity in the receiver against the Davis estate, and because it appears that the controversy with that estate is not really and substantially one within the jurisdiction of the federal court, 28 US CA § 80, we affirm the dismissal without prejudice.