## TURGEON et al. v. SHELBY MUTUAL PLATE GLASS & CAS. CO.

Civ. No. 3713.

United States District Court
D. Connecticut.

Jan. 27, 1953.

Robert Halloran, of Halloran, Sage & Phelon, Hartford, Conn., for plaintiffs.

Valentine J. Sacco, of Butler, Volpe, Garrity & Sacco, Hartford, Conn., for defendant.

SMITH, District Judge.

Plaintiffs recovered in the New York Courts judgments for personal injuries and death against one Mazziott, insured by defendant under a garage liability policy. The judgments are for amounts largely in excess of the policy limits and remain wholly unsatisfied.

Defendant moves for summary judgment dismissing the second count. Plaintiffs in the second count seek recovery of the full amounts of the judgments with interest, alleging that defendant negligently failed to settle within the policy limits.

It may be conceded, as defendant contends, that plaintiffs, even if treated as creditor third-party beneficiaries, could recover on the policy itself only the policy limits. The plaintiffs, however, base their claims on the statute which by its terms subrogates them to all the insured's rights against the defendant. Insured's right of action in negligence ordinarily would not be assignable to plaintiffs, but there is no reason to doubt the power of the Legislature to transfer this right if it chose to do so.

Its primary purpose in the act in question was to provide protection for those injured by judgment-proof insureds. We cannot say whether it had specifically in mind the insured's right of action for negligence against the insurer as well as his right of action for breach of the contract to pay up to a specified amount on behalf of the insured. Both were, however, potential assets of the insured and one may as well be marshalled for the satisfaction

of the insured's judgment debt to the injured party as the other.

The language of the statute is broad enough to cover both.

The motion for summary judgment on the second count is denied.