Gerald E. BOURGET, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY and Patricia Thompson, Defendants.

Civ. No. 12532.

United States District Court
D. Connecticut.
July 19, 1968.

Stephen I. Traub, of Lynch & Traub, New Haven, Conn., for plaintiff.

Morris Tyler and Louis M. Winer, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendant Government Employees Insurance Co.

Gordon R. Raynor, Hamden, Conn., for defendant Patricia Thompson.

TIMBERS, Chief Judge.

Plaintiff brought a diversity action in this Court against Patricia Thompson, as administratrix of the estate of Oren B. Thompson, to recover for personal injuries sustained in a car-truck collision. After a trial before Judge Zampano and a jury, a judgment in amount of $94,-900 was entered in plaintiff's favor. Insurance coverage amounted to only $20,000.

Plaintiff, allegedly having thus far been unsuccessful in collecting the amount of the judgment in excess of the $20,000 insurance limit, now brings this action against Government Employees Insurance Company and Patricia Thompson. Plaintiff alleges that Government Employees as the issuer of the $20,000 insurance policy to Oren Thompson and agent for the administratrix of his estate in the defense of the earlier suit was obligated to use reasonable care in settling that action within the policy limits. It is further alleged that Government Employees had such an opportunity to settle the action but unreasonably rejected it and therefore is liable to the estate of Oren Thompson for the excess amount of the judgment. Plaintiff maintains that on the basis of this liability and the lapse of thirty days since its accrual plaintiff is entitled to recover this amount directly from Government Employees.

Plaintiff contends that Patricia Thompson as administratrix of Oren Thompson's estate is obligated to collect all debts owing to the estate, which, despite demands by plaintiff that she do so, she has refused to do with respect to the alleged liability of Government Employees to the estate. Plaintiff alleges that therefore Patricia Thompson has breached her duty to him as a creditor of the estate and is personally liable for the amount in controversy.

Government Employees and Patricia Thompson move to dismiss the complaint for failure to state a claim upon which relief can be granted.

Government Employees contends that no common law cause of action lies directly against it by plaintiff and Conn. Gen.Stat. § 38–175, which permits direct actions against an insurer by a person recovering a judgment against the insured, is not applicable in the instant matter.

Patricia Thompson claims that since the time has not yet expired in which she may pursue the alleged claim against Government Employees she has breached no duty, and, at any rate, plaintiff's remedies against her must be sought in the probate court and not in the federal court.

# 110

## I

■ Despite Government Employees' lengthy brief, involved textual analysis of Conn.Gen.Stat. § 38–175, and attempt to argue on the basis of policy considerations, the plain fact remains that the language of Conn.Gen.Stat. § 38–175 clearly subrogates the injured person to *all* the insured's rights against the insurer. Furthermore, this Court has specifically held that a judgment creditor may bring a direct action against the debtor's insurer to recover the excess over the policy limits on the ground that the insurer negligently failed to settle within the policy limits. Turgeon v. Shelby Mutual Plate Glass & Casualty Co., 112 F.Supp. 355 (D.Conn. 1953) (Smith, D. J.). In *Turgeon* Judge Smith stated:

"It may be conceded, as defendant contends, that plaintiffs, even if treated as creditor third-party beneficiaries, could recover on the policy itself only the policy limits. The plaintiffs, however, base their claims on the statute which by its terms subrogates them to all the insured's rights against the defendant. Insured's right of action in negligence ordinarily would not be assignable to plaintiffs, but there is no reason to doubt the power of the Legislature to transfer this right if it chose to do so.

Its primary purpose in the act in question was to provide protection for those injured by judgment-proof insureds. We cannot say whether it had specifically in mind the insured's right of action for negligence against the insurer as well as his right of action for breach of the contract to pay up to a specified amount on behalf of the insured. Both were, however, potential assets of the insured and one may as well be marshalled for the satisfaction of the insured's judgment debt to the injured party as the other.

The language of the statute is broad enough to cover both." Id. at 355–56.

■ The Court therefore holds that plaintiff's complaint states a good cause of action against defendant Government Employees Insurance Company pursuant to Conn.Gen.Stat. § 38–175.

■ In view of the Court's foregoing conclusion that plaintiff has an adequate statutory remedy, there is no justification for permitting plaintiff to invoke the Court's equitable powers to maintain this action in the nature of a creditor's bill.[1]

## II

The motion to dismiss the complaint as against Patricia Thompson, however, is granted. Her joinder is not necessary to afford plaintiff complete relief pursuant to Conn.Gen.Stat. § 38–175, and since the action is not maintainable in the nature of a creditor's bill, it is not justified on that ground. Plaintiff's complaint against Patricia Thompson rests on no firmer ground insofar as it attempts to assert a cause of action against her for damages for breach of her fiduciary duties as administratrix.

■ Plaintiff does not allege in his complaint that the time has expired in which Patricia Thompson, as administratrix of Oren Thompson's estate, could bring an action against the insurer. Therefore, plaintiff has as yet suffered no loss. If Patricia Thompson is neglecting her duty, then plaintiff's proper course is to apply to the probate court for her removal. Butler v. Sisson, 49 Conn. 580, 588 (1882). If she finally neglects to provide a proper accounting of all the assets of the estate, she becomes liable to a suit on her bond and plaintiff may object to the allowance of her administration account in the probate court, id., or even bring an action to recover money damages from her per-

---

1. See Shelton v. Davis, 65 F.2d 591 (5 Cir. 1933).
   Under the circumstances it is unnecessary for the Court to determine whether absent another sufficient remedy the complaint would be properly entertainable as an action in the nature of a creditor's bill, and the Court does not do so.

sonally in this Court at that time. See Beach v. Rome Trust Company, 269 F.2d 367, 373–74 (2 Cir. 1959).

## ORDER

ORDERED as follows:

(1) That the motion of defendant Government Employees Insurance Company to dismiss plaintiff's complaint as against it is denied.

(2) That the motion of defendant Patricia Thompson to dismiss plaintiff's complaint as against her is granted.