104 N.J. Super. 155 (1969)
249 A.2d 18
DEBORAH BIASI, AN INFANT, BY THE GUARDIAN OF HER PERSON AND PROPERTY, MARION BIASI, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT, AND ELIZABETH DRESSLER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1968.
Decided January 15, 1969.
*156 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Harvey Weissbard argued the cause for appellant (Messrs. Querques, Isles & Weissbard, attorneys).
Mr. H. Curtis Meanor argued the cause for respondent (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff appeals from a summary judgment entered against her by the trial court.
*157 On May 26, 1964 defendant Elizabeth Dressler (Dressler) while operating an automobile owned by her now deceased husband Henry Dressler struck the infant Deborah Biasi. On this date defendant Dressler's vehicle was covered by a $10,000 limit automobile liability policy, issued by defendant Allstate Insurance Company.
The infant, through her parent, Marion Biasi, as guardian, and Marion Biasi individually, instituted suit against Dressler in the Hudson County Court. Following trial, a judgment in the amount of $25,000 was entered in favor of the infant and a judgment of $1,000 in favor of her parent. The latter judgment was reduced by the trial judge to $411.42. Following denial of defendant's motion for a new trial, an appeal was taken to the Appellate Division which affirmed the judgment. Thereafter, Allstate paid to plaintiff the sum of $10,000 together with $969.87 interest and $221.65 court costs, leaving outstanding on plaintiffs judgment the sum of $15,411.42. Defendant Dressler has no available assets from which this judgment may be satisfied except weekly earnings of $75.
Subsequently, the attorneys for plaintiff suggested that defendant Dressler sue Allstate and forwarded to her for execution the form of an assignment. This instrument purported to assign to plaintiff Marion Biasi "all rights which I may have against Allstate * * * to recover against Allstate damages for the judgment recovered against me * * * in excess of the policy limits of my insurance policy with Allstate, said rights arising by reason of Allstate's breach of the contract of insurance between the said Allstate and myself." The assignment further provided that the consideration therefore was that upon the conclusion of the suit brought pursuant thereto by plaintiff Marion Biasi against Allstate Marion would give defendant Dressler a warrant of satisfaction of the judgment of record in "Biasi v. Dressler." Defendant Dressler never executed this assignment nor did she accept the further suggestion made by plaintiff's attorneys *158 that she join as a party plaintiff in a suit to be filed by plaintiff against Allstate.
Thus, plaintiff instituted the present action against Allstate and joined Dressler as a party defendant. In her complaint plaintiff alleges that Allstate "breached the terms of the insurance policy * * * by its failure to exercise good faith and reasonable care in the preparation, investigation, settlement negotiations, trial and appeal of the case of Deborah Biasi against Elizabeth Dressler, which breach proximately resulted in the * * * judgment against the defendant Elizabeth Dressler greatly in excess of the limits of her policy with the defendant, Allstate * * *." Plaintiff seeks to recover the unpaid portion of the outstanding judgment in her suit against Dressler, to wit, $15,411.42.
Defendant Allstate moved for summary judgment. Annexed to its motion was an affidavit by Dressler in which she states that she told plaintiff's attorney that she would not sue Allstate because she felt that the company had "handled the case all right" and further, that "I am completely satisfied with the way Allstate handled my case and I do not wish to sue Allstate nor do I want the Biasis to do so." The trial judge granted the motion for summary judgment.
At oral argument before us plaintiff confined its contention that Allstate had breached its insurance policy solely to the allegation that the insurer did not exercise good faith and reasonable care in that it failed to settle plaintiff's case for an amount less than the policy limits. Upon inquiry by us as to what would have been a reasonably acceptable settlement offer, counsel for plaintiff responded, "$7,500."
Plaintiff contends that a party injured in an automobile accident who recovers a judgment against another motorist, who caused the injury, for a sum in excess of the liability policy limits of defendant motorist's insurance coverage can, without holding an assignment from the insured, bring an action against the insurance company for breach of the *159 latter's obligation to act in good faith in reference to negotiation of settlement of the claim prior to judgment. Plaintiff bottoms its contention upon the argument that plaintiff has a common law right to succeed to any claim arising out of the policy which the assured could prosecute against the insurance company.
In the instant case, however, the assured has refused to give plaintiff an assignment of any rights that she might have against Allstate by reason of the recovery of the judgment against her in excess of the policy limits. To the contrary, she states that she does not "wish to sue Allstate."
Further, plaintiff has not been aggrieved by any alleged failure of Allstate to have performed an obligation to the assured to exercise due care and good faith toward her in making a determination as to whether to settle her case or let it go to judgment. If Allstate had settled the case for less than the policy limits, for example, for $7,500, because it felt that there was a potentiality of a judgment considerably in excess of its policy limits, plaintiff would be in a worse position than she presently is. Instead of realizing only $7,500, she has been paid $10,000 plus interest and court costs, and has a judgment against defendant Dressler for whatever that judgment may yield in the future. Thus, plaintiff cannot rationally claim to be aggrieved by Allstate's alleged breach of duty as she asserts.
The right of the assured to recover against the insurer for its failure to exercise good faith in settling a claim within the limits of a liability policy, as was adjudicated in Bowers v. Camden Fire Ins. Ass'n, 51 N.J. 62 (1968), is predicated upon the potential damage to the assured in being subjected to a judgment in excess of her policy limits and the consequent subjection of her assets to the satisfaction of such judgment. The damage is peculiarly to the assured by reason of breach of an implied condition of the policy contract. The injured third party is a stranger in that sense. Moreover, public policy does not *160 mandate that the injured party in the accident should be deemed the intended beneficiary of the company's contractual duty to its policyholder to act in good faith regarding settlement.
Nor does N.J.S.A. 17:28-2 give the injured party such a right. It merely provides that the bankruptcy or insolvency of the assured against whom an injured party has recovered a judgment shall not release the insurance carrier and, in such an event, the injured party may file an action directly against the carrier under the terms of the policy for the amount of the judgment but "not exceeding the amount of the policy." This statute is not applicable to the present situation.
Under the circumstances here present we conclude that plaintiff does not have a legal cause of action against Allstate or the status to maintain the present suit. Therefore we find that the trial court properly entered summary judgment against her. See Duncan v. Lumbermen's Mutual Casualty Co., 91 N.H. 349, 23 A.2d 325 (Sup. Ct. 1941); Wessing v. American Indemnity Co. of Galveston, 127 F. Supp. 775 (D.C.W.D. Mo. 1955); Chittick v. State Farm Mutual Automobile Ins. Co., 170 F. Supp. 276 (D.C. Del. 1958); Murray v. Mossman, 56 Wash.2d 909, 355 P.2d 985 (Sup. Ct. 1960); Ammerman v. Farmers Insurance Exchange, 19 Utah 2d 261, 430 P.2d 576 (Sup. Ct. 1967). See also, Keeton, "Liability Insurance and Responsibility For Settlement," 67 Harv. L. Rev. 1136, 1176 (1954).
Atlantic City v. American Casualty Insurance Co., 254 F. Supp. 396 (D.C.N.J. 1966), relied upon by plaintiff is inapposite. In that case plaintiff did possess a partial assignment from the assured (Atlantic City) of its claim against the insurance carrier for the carrier's unreasonable refusal to settle. Thus, any discussion therein by the court as to the rights of the injured party to sue the insurance company without an assignment was dictum.
Judgment affirmed.