**Linda Sue Yelm, a Minor, By Joney K. Yelm, Her Father and Next Friend, Plaintiff-Appellant, v. Country Mutual Insurance Company, an Illinois Corporation, Defendant-Appellee.**

Gen. No. 69–131.

Third District.

May 19, 1970.

 

Floid B. Brian, of Toulon, and Black, Black & Borden of Peoria, for appellant.

Barash & Stoerzbach, of Galesburg, for appellee.

STOUDER, J.

Plaintiff-Appellant, Linda Sue Yelm, commenced this action in the Circuit Court of Henry County seeking damages against Country Mutual Insurance Company, Defendant-Appellee, the action being based on the defendant's alleged negligent failure to settle plaintiff's claim. The court sustained a motion to dismiss the complaint based on the failure of the complaint to state a cause of action from which judgment this appeal follows.

The facts are undisputed. Plaintiff secured a judgment in the Circuit Court of Henry County for $40,000 against one Gurney Masters. The judgment was based on Masters' negligent operation of his car. (Judgment affirmed in Yelm v. Masters, 81 Ill App2d 186, 225 NE2d 152.) At the time of the incident giving rise to plaintiff's injuries, Masters was insured under a standard automobile liability policy with defendant Country Mutual. After the judgment had become final, defendant paid plaintiff $30,000, the limits of its policy with Masters. The complaint alleges that the insured is a nonresident of Illinois and has no property in this State which can be seized to satisfy the balance of the judgment. The complaint also alleges that the insurance company negligently and carelessly failed to exercise good faith toward the insured and plaintiff when it should have settled the case within the limits of the policy.

This action was commenced by plaintiff directly against the defendant insurance company, Masters, the insured, being neither a party plaintiff nor defendant. It is plaintiff's standing to maintain this action which forms the principal issue on this appeal. Plaintiff concedes that there is no Illinois authority specifically authorizing direct action against the insurer for excess liability by a third party.

█ It is beyond question that an insurance company although it acts under a policy which contains limits as to its liability, may so conduct itself as to be liable for the entire judgment recovered against its insured irrespective of its policy limits. Cernocky v. Indemnity Ins. Co., 69 Ill App2d 196, 216 NE2d 198. The question remains as to whether such liability of the insurer may be enforced by a third party injured by the insured.

A substantial majority of the jurisdictions which have considered this question have concluded that the third party has no right to enforce the liability and we are disposed to agree with such conclusion. Tabben v. Ohio Cas. Ins. Co., 250 F Supp 853 (applying Kentucky law) after concluding that the issue had not been decided in Kentucky, refers to cases from other jurisdictions and based thereon concludes that the third party may not maintain the action directly against the insurer. See also, Biasi v. Allstate Ins. Co., 104 NJ Super 155, 249 A2d 18, Murray v. Mossman, 355 P2d 985 (Wash), Duncan v. Lumberman's Mut. Cas. Co., 91 NH 349, 23 A2d 325, Chittick v. State Farm Mut. Automobile Ins. Co., 179 F Supp 276 (Del), Browdy v. State-Wide Ins. Co., 56 Misc2d 610, 289 NYS2d 711 and 40 ALR2d 195.

The foregoing cases adopt and discuss various reasons for the result reached including absence of privity, absence of duty and absence of damages.

██ The nature of the duty which forms the basis of the insured's liability appears to be the most important aspect to be considered. Whether the duty

403

arises from contract or tort is a question difficult to resolve and usually unnecessary to determine in the solution of a particular problem. The duty arises from the relation of the parties, even though the relation itself is based on contract, i. e., the policy of insurance. The duty is not a specific condition of the contract but arises from the exclusive right of the insurer to settle and defend any claim against the insured. An insurer, while protected by its shield of limited liability, ought not to be permitted to use the exclusive control of settlement and defense as an instrument of injury to its assured. In Cernocky, supra, the court discusses the duty of insurer at some length and concludes that the insurer is under a duty to give at least equal consideration to the interest of the insured as it gives its own interest. The duty to exercise due care or good faith is a duty which the insurer owes to its insured and the insurer has no duty to the third party regarding settlement or compromise. Powell v. Prudence Mut. Cas. Co., 88 Ill App2d 343, 232 NE2d 155.

Additionally, the absence of any duty owed to a third party by an insurer has been supported by doubts concerning damage to the third party. If the insurer declines to settle the claim within the policy limits and the third party later receives the limits of the policy, it is difficult to conclude that whether the insurer used bad faith or good faith injured the third party. Plaintiff has relied on four cases applying the law of other jurisdictions which she argues ought to be followed in Illinois, namely, Davis v. National Grange Ins. Co., 281 F Supp 998, Atlantic City v. American Cas. Ins. Co., 254 F Supp 396, Bourget v. Government Employees Ins. Co., 287 F Supp 108, and Turgeon v. Shelby Mut. Plate Glass & Casualty Co., 112 F Supp 355. The Bourget and Turgeon cases (applying Connecticut law) are easily distinguishable from the case at bar and hence, are of no persuasive

authority. Each case specifically relies on a Connecticut statute which in substance provides that the third party is subrogated to all rights of the insured against the insurer. This statute is substantially different from the statute in Illinois. Ill Rev Stats 1967, c 73, § 1000.

Section 1000, supra, provides "No policy of insurance against liability or indemnity for loss or damage to any person other than the insured, or to the property of any person other than the insured, for which any insured is liable, shall be issued or delivered in this State after the effective date of this Code by any company subject to this Article unless it contains in substance a provision that the insolvency or bankruptcy of the insured shall not release the company from the payment of damages for injuries sustained or death resulting therefrom, or loss occasioned during the term of such policy, and stating that in case execution against the insured is returned unsatisfied in any action brought by the injured person or his or her personal representative in case death results from the accident because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against such company under the terms of the policy and subject to all of the conditions thereof for the amount of the judgment in such action not exceeding the amount of the policy." Plaintiff claims that such Statute authorizes her to bring the present action. Although such argument is supported by the Davis case, supra (applying Virginia law) which interprets a similar statute in Virgina, the reasons set forth in the opinion represent in our view an unjustified interpretation of the statute. The difficulty arises in the interpretation of the phrase "limits of liability." If such "limits of liability" do not refer to the limitations set forth in the policy, such phrase indeed has no meaning. Further, the statute does not purport to deal with the liability of an insurer for bad faith and

hence the statute's relation to any such rights in a third party are speculative. The failure of the court in Davis to refer to any case directly supporting its holding or to refer to the many cases contrary thereto reduces the persuasiveness of the opinion.

In Atlantic City v. American Cas. Ins. Co., supra, (applying New Jersey law) the only other case cited by plaintiff, the court did conclude that the injured party could bring the action. However, since the action was brought by the injured party as assignee and since the insured was also a party plaintiff the views of the court on this issue are dicta. Biasi v. Allstate Ins. Co., 104 NJ Super 155, 249 A2d 18, holds a third party has no standing to bring the action specifically rejecting Atlantic City v. American Cas. Ins. Co., supra. The result in the Atlantic case is also unsatisfactory because the court declined to discuss the question of damages which under the particular circumstances involved would seem to have precluded any cause of action. The insured neither paid nor was obligated to pay under any circumstances a greater amount than that which it would have paid had the compromise settlement been accepted by insurer.

Plaintiff also referred to several Illinois cases in support of what she asserts to be a "modern trend" in permitting injured third parties to sue directly for excess liability. She cites such cases as Williams v. Madison County Mut. Automobile Ins. Co., 82 Ill App2d 336, 228 NE2d 750, Sobina v. Busby, 62 Ill App2d 1, 210 NE2d 769 and Gothberg v. Nemerovski, 58 Ill App2d 372, 208 NE2d 12, but it is sufficient to say that none of the cases concern the excess liability of an insurer predicated on bad faith. On the contrary Powell v. Prudence Mut. Cas., 88 Ill App2d 343, 232 NE2d 155, a recent decision, holding that the excess liability of an insurer for bad faith could not be litigated in a garnishment action, is consistent with our views.

For the foregoing reasons the judgment of the Circuit Court of Henry County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.