**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1526-19T4

TONY PING YEW,

    Plaintiff-Appellant,

v.

PENN NATIONAL INSURANCE,

    Defendant-Respondent.

_____

        Submitted October 7, 2020 – Decided October 28, 2020

        Before Judges Rose and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5042-19.

        Tony Ping Yew, appellant pro se.

        Margolis Edelstein, attorneys for respondent (Emery J. Mishky and Stephanie Y. Cho, on the brief).

PER CURIAM

     Plaintiff, Tony Ping Yew, who is self-represented, appeals from the

October 11, 2019 order of the Law Division dismissing his complaint with

prejudice under Rule 4:6-2(e) for failure to state a cause of action and the December 3, 2019 order denying his motion for reconsideration. We affirm both orders.

The following facts are derived from the record. On January 6, 2017, plaintiff's godfather, John Y. Wei (Wei), passed away at Robert Wood Johnson University Hospital (RWJUH). Plaintiff filed two lawsuits on behalf of Wei asserting claims of medical malpractice: Yew v. RWJUH; Alexis Sample, RN; Avery Castillo, RN; and Lorraine Martino, CCT, Docket No. MID-L-7564-18 and Yew v. Alexis Sample, RN, Docket No. MID-L-7569-18.[1] The cases were dismissed for lack of standing and for violation of Rule 1:21-1.[2]

Plaintiff filed another lawsuit against Inservco, a third-party claims administrator for the healthcare providers in medical malpractice cases, entitled, Yew v. Inservco, Docket No. MID-L-5407-18. The complaint alleged Inservco had a duty to engage in settlement negotiations with plaintiff. The trial court

---

[1] Both cases were consolidated under Docket No. MID-L-7564-18.

[2] In pertinent part, Rule 1:21-1 states at subsection (a): "Except as provided below, no person shall practice law in this State unless that person is an attorney holding a plenary license to practice in this State, [and] is in good standing . . ."

dismissed the Yew v. Inservco complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted.[3]

Thereafter, on July 5, 2019, plaintiff filed a "complaint for damages and bad faith liability claim" against defendant Penn National Insurance, the insurer for RWJUH, for failing to engage in settlement negotiations relating to Wei's death. Plaintiff claimed he was a vested third-party beneficiary of Wei's estate with a direct interest in settlement negotiations that defendant was obligated to undertake. More specifically, plaintiff averred that defendant acted in "bad faith for refusing to settle" the claim alleged by plaintiff and engaged in unfair trade practices and gross negligence.

On August 19, 2019, defendant filed a notice of motion to dismiss plaintiff's complaint in lieu of answer, for failure to state a claim under Rule 4:6-2(e). Defendant argued that it had no duty to participate in settlement negotiations with plaintiff and no facts were pled to form an actionable claim against defendant.

The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. In its statement of reasons, the trial court concluded:

---

[3] Plaintiff appealed the trial court's decision, and the matter is pending before this court under Docket No. A-4604-18.

it is undisputed that [p]laintiff is not [d]efendant's insured. The doctrines and statutes that impose a duty upon an insurance company to act in good faith are available to an insured. Therefore, [p]laintiff does not have a bad-faith cause of action for the [d]efendant's alleged bad-faith practices for failing to engage in settlement.

A memorializing order was entered by the trial court on October 11, 2019.

Plaintiff moved for reconsideration pursuant to Rule 4:49-2. On December 3, 2019, the trial court denied the motion and found:

> [Plaintiff's] status in this claim is that of a third-party. There are common-law principles which provide a third-party with standing to sue to enforce a contract. However, said principles are inapplicable in this matter.
>
> It is true that an insured may have claims against their insurer for bad-faith dealing and practices. For example, an insured may have a claim against their insurer for bad[-]faith for failure to settle within the policy limits. However, absent an assignment from the insured, an injured party does not have a cause of action against the insurer for bad faith. Biasi v. Allstate Ins. Co., 104 N.J. Super. 155, 159 (App. Div. 1969). Public policy does not mandate that the injured party in an accident should be deemed the intended beneficiary of an insurer's contractual duty to its insured to act in good faith regarding settlement. Id. at 160.
>
> Assuming arguendo that [defendant] had acted in bad-faith, in breach of their contractual obligations to their insured, [RWJUH] would hold the right to enforce said obligation. Absent an assignment of that right from RWJUH, [plaintiff], as a third-party [insured], does not have standing to sue [defendant]. Therefore, this

4

[c]ourt's previous [o]rder dismissing [plaintiff's] complaint was not entered in error. Accordingly, [plaintiff's] motion for reconsideration is denied.

The trial court entered a memorializing order that day.

On appeal, plaintiff argues that the trial court erred in dismissing the complaint with prejudice because he has third-party beneficiary standing to sue defendant. Plaintiff also contends that the court erred in denying his motion for reconsideration.

We have considered these arguments in light of the record and the applicable legal precedents and have concluded that each of them is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Therefore, we affirm substantially for the reasons expressed by the trial court in its written opinions dated October 11, 2019 and December 3, 2019 and add only the following brief observations.

We review de novo the trial court's determination of the motion to dismiss for failure to state a claim under Rule 4:6-2(e). See Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citation omitted). Applying that standard, we discern no error by the trial court.

A-1526-19T4

Plaintiff argues that Wei died testate[4] thereby making plaintiff the intended third-party beneficiary with regard to any settlement or judgment. We reject plaintiff's assertion. More to the point, plaintiff is precluded from filing a direct claim against defendant absent an assignment of rights. See Murray v. Allstate Ins. Co., 209 N.J. Super. 163, 165 (App. Div. 1986); Biasi, 104 N.J. at 160. Nor do we agree with plaintiff's assertion on appeal that he is an implied or expressed third-party beneficiary who can pursue his claims under a common law theory of tort liability.

Our review of the record demonstrates that the essential prerequisites for a finding of common law tort liability are entirely absent. There is nothing that demonstrates defendant breached any duty to plaintiff. Moreover, plaintiff does not dispute that he is not defendant's insured and there is no contractual relationship between them. Hence, there can be no bad faith claim.

There is no basis, including public policy considerations, on which to conclude that plaintiff is a third-party beneficiary, who was owed a duty by defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] On October 19, 2017, Wei's will was probated.