William SHAPIRO and William Shapiro, to the use of Anthony Laurelli

v.

ALLSTATE INSURANCE COMPANY.

Civ. A. No. 41985.

United States District Court
E. D. Pennsylvania.

May 27, 1968.

**430**

Marvin D. Weintraub, Philadelphia, Pa., for plaintiff.

Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

FULLAM, District Judge.

The use-plaintiff, Anthony Laurelli, recovered a verdict in a tort action against William Shapiro in an amount greatly in excess of the liability insurance coverage provided Shapiro by the defendant Allstate Insurance Company. Claiming that the insurance company acted in bad faith in handling the case, Laurelli obtained an assignment of the policy-holder's rights [1] and has brought the present action to recover the unpaid portion of the verdict, i. e., the excess over the amount paid under the policy.

Presently before the court is plaintiff's motion for the production of documents under Fed.R.Civ.P. 34. It has been stipulated that certain of the doc-

uments requested (those enumerated in paragraph 2 of the affidavit of counsel for the defendant) are not within the custody or control of the defendant. The defendant has expressed a willingness to produce all of the remaining documents requested except for seven specified letters written to the defendant by their attorneys in the tort action.

Defendant's opposition to the motion for production of these letters from counsel to the company is based upon two contentions: (1) that no "good cause" for their production has been shown; and (2) that they are privileged.

The decision of the Court of Appeals of this circuit in Bell v. Commercial Insurance Co. of Newark, N. J., 280 F.2d 514, 517 (1960) establishes the proposition that such documents are subject to production under Rule 34, and that "good cause" for their production inheres in the obvious usefulness of the documents in preparation for trial, and the fact that they are not otherwise obtainable. I am not persuaded that this conclusion is less applicable to the present case because of the defendant's asserted willingness to supply various other documents from its files.

The defendant may be held liable for the full amount of the verdict if plaintiff can establish that the defendant acted in bad faith, in breach of its fiduciary duty to the policy-holder. Gray v. Nationwide Mutual Insurance Co., supra; Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 59, 188 A.2d 320 (1963). There are various ways in which a charge of bad faith may be supported, including proof that the insurance carrier's decisions with respect to settlement were based upon inadequate information, as a result of negligent failure to conduct an adequate investigation, or a totally unrealistic evaluation of the likelihood of a successful defense of the action.

1. Cf. Gray v. Nationwide Mutual Ins. Co., 422 Pa. 500, 223 A.2d 8 (1966).

The fact that the defendant is willing to disclose its investigation reports and interoffice memos may have a bearing on the first of these aspects, but such documents clearly would not be an adequate substitute for the recommendations of counsel, insofar as the second aspect is concerned. I am therefore satisfied that there is good cause for the production of the correspondence here sought. (Indeed, one might well conclude that the defendant's unwillingness to disclose these documents is indicative of their value.)

With respect to the privilege argument, defendant appears to misapprehend the situation. On the issue of payment of damages, the legal relationship between the insurance company and its policy-holder is essentially one of indemnity; but insofar as the conduct of the litigation is concerned, it is an agency relationship. Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459, 134 A.2d 223 (1957); Gray v. Nationwide Mutual Insurance Co., supra. All of the cases cited in this opinion are uniform in holding that, in its conduct of the litigation and in its handling of settlement negotiations, the insurance company acts in a fiduciary capacity vis-à-vis its assured, and is obliged to act in the utmost good faith, without allowing its own interests to predominate over those of the assured.

It thus seems clear that, in relation to counsel retained to defend the claim, the insurance company and the policy-holder are in privity. Counsel represents both, and, at least in the situation where the policy-holder does not have separate representation, there can be no privilege on the part of the company to require the lawyer to withhold information from his other client, the policy-holder. In short, I am satisfied that, with respect to all matters from the beginning of the litigation until the termination of the attorney-client relationship between the assured and the attorney, there can be no attorney-client privilege which would prevent disclosure to the policy-holder.

For the foregoing reasons, plaintiff's motion will be granted.