**Gerald E. BOURGET and Security Insurance Company of Hartford, Plaintiffs,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**Civ. No. 12532.**

United States District Court
D. Connecticut.

July 11, 1969.

On Motion for Rehearing Nov. 20, 1969.

---

* This decision is not intended to resolve any conflict of laws problem if one exists.

See also D.C., 287 F.Supp. 108.

Stephen I. Traub, of Lynch & Traub, New Haven, Conn., for plaintiff Gerald E. Bourget.

John C. Flanagan, New Haven, Conn., for plaintiff Security Insurance Company of Hartford.

Morris Tyler and Louis M. Winer, of Tyler, Cooper, Grant, Bowerman & Keefe, and Curtiss K. Thompson, of Thompson, Weir & Barclay, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

In this diversity action to recover the excess over the policy limits on the ground that the insurer negligently failed to settle within the policy limits, the chief question presented by plaintiff's motion for production of documents, pursuant to Rule 34, Fed.R.Civ.P., and defendant's objections to certain of plaintiff's interrogatories, pursuant to Rule 33, Fed.R.Civ.P., assuming relevance and good cause are shown, is whether the attorney-client privilege bars plaintiff from obtaining discovery of certain documents and information relating to the prior action which are in the possession of defendant and its attorneys in the prior action, including communications between defendant and its attorneys in that action. For the reasons indicated below, the Court holds that the attorney-client privilege does not bar plaintiff from obtaining discovery of the documents and information sought.

## PRIOR PROCEEDINGS

Plaintiff here (Bourget) obtained a $94,900 verdict in the prior action against Pat Thompson, administratrix of the estate of Oren Thompson, for injuries arising out of a collision between a truck driven by plaintiff and a car by Oren Thompson.[1] Insurance coverage amounted to only $20,000. Plaintiff has been unable to recover the excess over this amount.

The present action was brought against GEICO, Oren Thompson's insurer, and Pat Thompson, administratrix of his estate, seeking to recover the excess. Plaintiff's claim here is that GEICO unreasonably and in bad faith failed to settle the prior action within the policy limits and that it is therefore liable to the estate for the excess. On the basis of this asserted liability, and the elapse of 30 days since its accrual, plaintiff maintains that he is entitled to recover directly from the insurance company.[2] Plaintiff also claimed in the instant action that Pat Thompson breached her duty to plaintiff as a creditor of the estate by failing to seek recovery of the excess from the insurance company.

In a decision filed July 19, 1968, this Court held that plaintiff's claim against GEICO stated a good cause of action, but that his claim against Pat Thompson did not.[3]

## PRESENT PROCEEDINGS AND CLAIMS OF THE PARTIES

· Proceeding on his claim against GEICO, plaintiff, first through interrogatories and then through a motion for production of documents, has sought discovery of facts relevant to settlement negotiations in the prior case.

Defendant objected to several of the interrogatories pursuant to Rule 33, especially those which requested information concerning settlement offers and the reasons for refusing to settle. By order dated January 13, 1969, the Court overruled these objections, except that it deferred ruling on those which raised the claim of privilege until it could rule on the similar issue in the companion motion for production. ·

1. Gerald E. Bourget and Branch Motor Express Company v. Patricia F. Thompson, Administratrix of the Estate of Oren R. Thompson, Civil Action No. 11,119, D.Conn., November 12, 1967.

2. Pursuant to Conn.Gen.Stat. § 38–175, particularly as construed by Judge Smith in Turgeon v. Shelby Mutual Plate Glass & Casualty Co., 112 F.Supp. 355 (D. Conn.1953).

3. Gerald E. Bourget v. Government Employees Insurance Company and Patricia Thompson, 287 F.Supp. 108 (D.Conn. 1968).

In the companion motion pursuant to Rule 34, plaintiff has sought production of all letters, reports, and communications involved in the prior action, particularly those passing between GEICO and its lawyers, and those passing between GEICO, its lawyers and the insured. Plaintiff also seeks GEICO's internal memoranda which relate to settlement of the prior action.

Essentially, it is defendant's position (leaving refinements aside) that the matters sought by plaintiff are protected by the attorney-client and work product privileges; that an insufficient showing of good cause has been made; and that the documents called for are not adequately designated.

It is plaintiff's position, on the other hand, that he can waive the attorney-client privilege, since he is subrogated to all rights of the insured (the client); that he has shown sufficient cause to overcome the qualified work product privilege; and that it would be impossible to designate the documents more specifically.

In view of the essential elements of the instant action, plaintiff maintains that he must show recklessness and bad faith on the part of GEICO; and that in order to establish this he must prove that the company, through its agents and lawyers, knew, or reasonably should have known, that plaintiff had suffered severe injuries and that there was no defense under which defendant in the prior action could have expected a verdict in her favor or within the policy limits. Plaintiff argues that there is no way to get this information except by complete examination of the files of defendant and its counsel; and that the files will show what investigation GEICO made and whether it rejected the advice and recommendations of its own agents and attorneys. Plaintiff claims that the disclosure here sought is indispensable to the preparation of his case.

## OPINION

The Court has carefully examined the files of Tyler, Cooper, Grant, Bowerman & Keefe, attorneys for GEICO in the prior action, which have been submitted to the Court for *in camera* inspection in accordance with the established practice in this Circuit. Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 553, 558 (2 Cir. 1967); 4 Moore's Federal Practice ¶ 34.19[2], at 2538 (2d ed. 1968). To the extent indicated below and for the reasons hereinafter stated, the Court orders production of certain of these files for plaintiff's inspection. With respect to GEICO's own files relating to the prior action, it is the Court's understanding that they will be produced for plaintiff's inspection in accordance with the rulings herein made and to the extent required by the instant rulings. The Court is confident that able counsel for all parties will have no difficulty reaching an agreement by applying to the GEICO files the rulings herein made.

*Good Cause*

■ It of course is basic that plaintiff must make a sufficient showing of good cause to warrant disclosure of the documents and information here requested. Hickman v. Taylor, 329 U.S. 495 (1947); Republic Gear Co. v. Borg-Warner Corp, *supra,* at 557.

■ Upon the facts of this case, the Court holds that plaintiff has made a sufficient showing of good cause for disclosure of the documents and information sought. Bell v. Commercial Insurance Co., 280 F.2d 514, 517 (3 Cir. 1960); Shapiro v. Allstate Insurance Co., 44 F.R.D. 429, 430 (E.D.Pa.1968); Chitty v. State Farm Mutual Automobile Insurance Co., 36 F.R.D. 37, 40 (E.D.S.C.1964).

Judge Fullam's summary in *Shapiro* of the basis for his holding that good cause for disclosure inheres in the obvious usefulness of the documents and information in preparation for trial

and in the fact that they are not otherwise obtainable, is strikingly applicable to the instant case:

"The defendant may be held liable for the full amount of the verdict if plaintiff can establish that the defendant acted in bad faith, in breach of its fiduciary duty to the policy-holder. [citations omitted] There are various ways in which a charge of bad faith may be supported, including proof that the insurance carrier's decisions with respect to settlement were based upon inadequate information, as a result of negligent failure to conduct an adequate investigation, or a totally unrealistic evaluation of the likelihood of a successful defense of the action." 44 F.R.D. at 430.

### Attorney-Client and Work Product Privileges

■ Conn.Gen.Stat. § 38–175, which is the statutory basis for plaintiff's present action against the insurer,[4] provides that a "judgment creditor shall be subrogated to all the rights of the [insured] and shall have a right of action against the insurer to the same extent [as the insured.]" In this situation, plaintiff may waive the attorney-client privilege, and has done so, just as the insured would be able to waive it. Cf. 8 Wigmore, Evidence §§ 2321 and 2329 (McNaughton rev. ed. 1961). The fact that GEICO, as well as the insured, was a client presents no obstacle, since either party in this type of situation may waive the privilege. Shapiro v. Allstate Insurance Co., *supra,* at 431; Chitty v. State Farm Mutual Automobile Insurance Co., *supra,* at 40–43; McCormick, Evidence 192, 193 (1954).

Again, Judge Fullam's holding in *Shapiro* that the attorney-client privilege does not bar disclosure is equally applicable here:

"With respect to the privilege argument, defendant appears to misapprehend the situation. On the issue of payment of damages, the legal relationship between the insurance company and its policy-holder is essentially one of indemnity; but insofar as the conduct of the litigation is concerned, it is an agency relationship. Cowden v. Aetna Casualty & Surety Co., 389 Pa. 459, 134 A.2d 223 (1957); Gray v. Nationwide Mutual Insurance Co., [422 Pa. 500, 223 A.2d 8 (1966)]. All of the cases cited in this opinion are uniform in holding that, in its conduct of the litigation and in its handling of settlement negotiations, the insurance company acts in a fiduciary capacity vis-a-vis its assured, and is obliged to act in the utmost good faith, without allowing its own interests to predominate over those of the assured.

It thus seems clear that, in relation to counsel retained to defend the claim, the insurance company and the policy-holder are in privity. Counsel represents both, and, at least in the situation where the policy-holder does not have separate representation, there can be no privilege on the part of the company to require the lawyer to withhold information from his other client, the policy-holder. In short, I am satisfied that, with respect to all matters from the beginning of the litigation until the termination of the attorney-client relationship between the assured and the attorney, there can be no attorney-client privilege which would prevent disclosure to the policy-holder." 44 F.R.D. at 431.

■ The work product privilege does not prevent disclosure here, since admittedly it is a qualified privilege, defeated by the showing of good cause which the Court holds · has been established. Cf. Hickman v. Taylor, *supra,* at 511–12; Chitty v. State Farm Mutual Automobile Insurance Co., *supra,* at 40.

### Relevance

Having held that plaintiff has made a sufficient showing of good cause for dis-

---

4. *Supra* notes 2 and 3.

closure of the documents and information sought and that neither the attorney-client nor the work product privilege bars such discovery, the Court turns now to the issue of relevance.

■ The Court has spent many, many hours examining carefully the voluminous files of GEICO's attorneys in the prior action which have been submitted for the Court's *in camera* inspection. Upon the present state of the record, and applying the broad discovery connotation of relevance, the Court finds that the only portions of the attorneys' files which are relevant to the issues herein are two correspondence folders. They will be marked by the Clerk as Court Exhibits 1A and 1B, respectively, and will be made available for plaintiff's inspection as hereinafter provided. The Court has removed from these correspondence folders 4 letters between the attorneys and the insurer dated January 26, 1968, March 25, 1968, April 10, 1968 and May 1, 1968, respectively—all relating to the matter of the attorneys' bill for professional services, and obviously not relevant; these 4 letters will be placed in a separate envelope, will be marked by the Clerk as Court Exhibit 1C, and will be returned to the attorneys.

The Court finds that the balance of the attorney's files are not relevant upon the present state of the record. They will be marked by the Clerk as Court Exhibit 2 (each separate folder and envelope to be marked Court Exhibit 2A, 2B, etc.), and will be returned to the attorneys, without prejudice to plaintiff's right to renew his motion with respect to Court Exhibit 2 if subsequent developments demonstrate the relevance of such files.

### ORDER

ORDERED as follows:

(1) That defendant's claim of privilege *as a ground of objection* to certain of plaintiff's interrogatories is *overruled*; and defendant is ordered within 30 days from the date of this order to serve and file answers to any interrogatories heretofore objected to on this ground, including plaintiff's interrogatories 7(d), 7(e), 32, 33 and 34.

(2) That defendant's objections to plaintiff's motion for production of documents on grounds of absence of good cause and attorney-client and work product privileges are *overruled*.

(3) That defendant's objections to plaintiff's motion for production of documents on grounds of lack of relevance are disposed of as follows:

(a) As to GEICO's attorneys' files, defendant's objections are *overruled* as to Court Exhibits 1A and 1B; said objections are *sustained* as to Court Exhibits 1C and 2.

(b) As to GEICO's own files relating to settlement of the prior action, the same corresponding rulings apply as hereinabove set forth; counsel are directed to agree amongst themselves as to the applicability of the aforesaid rulings to GEICO's files.

(4) That for a period of 30 days from the date of this order the following files shall be made available in the Clerk's office for plaintiff's inspection and copying, after which they shall be returned to defendant's counsel:

(a) Court Exhibits 1A and 1B.

(b) GEICO's files (see paragraph (3) (b) (above).

(5) That all files marked by the Clerk as hereinabove provided, including those returned to GEICO's attorneys, shall be preserved intact by the attorneys and shall be returned to the Clerk for transmittal to the Court of Appeals as part of the record herein in the event of an appeal.

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR REHEARING

Defendant GEICO has moved for a rehearing with respect to two prior orders of this Court herein:

(1) Order of July 19, 1968 denying GEICO's motion to dismiss the com-

plaint for failure to state a claim upon which relief can be granted.[1]

(2) Order of July 11, 1969 ruling upon GEICO's objections to certain of plaintiff's interrogatories and GEICO's objections to plaintiff's motion for production of documents, said rulings, inter alia, having overruled GEICO's claim that the attorney-client privilege bars plaintiff from obtaining discovery of certain documents and information relating to a prior action [2] which are in the possession of GEICO and its attorneys in the prior action, including communications between GEICO and its attorneys in that action.[3]

In the alternative, GEICO has requested the Court to amend [4] its orders of July 19, 1968 and July 11, 1969 to permit immediate appeals to be taken to the Court of Appeals pursuant to 28 U.S.C. § 1292(b).

For the reasons stated below, the Court grants the motion for rehearing and, after hearing counsel for the respective parties thereon, adheres to its prior orders in all respects; and the Court declines to grant a § 1292(b) certification.

## MOTION FOR REHEARING

GEICO's original motion to dismiss was based on the contention that plaintiff, the injured party, had no direct cause of action against GEICO, the insurer, to recover the excess over the policy limits on the ground that the insurer negligently failed to settle within the policy limits. The Court rejected GEICO's contention and held that "the language of Conn.Gen.Stat. § 38–175 clearly subrogates the injured person to *all* the insured's rights against the insurer." 287 F.Supp. at 110.

GEICO's motion for rehearing is addressed principally to the Court's decision of July 19, 1968,[5] its chief thrust being that the legislative history of § 38–175 does not indicate that the legislature in 1919 was concerned with verdicts in excess of insurance coverage or with negligence of insurers in defending actions; therefor, GEICO argues, the legislature did not intend to give an injured party a direct right of action against the insurer.

■ Despite the diligence of GEICO's counsel in assembling statistical data showing the size of verdicts and judgments a half century ago and assuming arguendo that such data were relevant upon the issue of legislative intent, the Court nevertheless, under well settled canons of statutory construction,[6] is

1. Gerald E. Bourget v. Government Employees Insurance Company and Patricia Thompson, 287 F.Supp. 108 (D.Conn. 1968).

2. Gerald E. Bourget and Branch Motor Express Company v. Patricia F. Thompson, Administratrix of the Estate of Oren R. Thompson, Civil Action No. 11,119, D.Conn., November 12, 1967.

3. Gerald E. Bourget v. Government Employees Insurance Company, 48 F.R.D. 29 (D.Conn.1969).

4. Rule 5(a), Fed.R.App.P., authorizes the District Court at any time to amend an order to grant a § 1292(b) certification.

5. Although not argued extensively upon the rehearing, that branch of defendant's motion for rehearing addressed to the Court's decision of July 11, 1969 has been carefully considered and rejected.

Specifically, the Court holds that plaintiff, by virtue of § 38–175, is entitled to waive the privilege respecting confidential communications between the insured or this defendant and their attorney in the earlier action and to require production of other documents and disclosure of facts.

6. See Barr v. United States, 324 U.S. 83, 90 (1945); Browder v. United States, 312 U.S. 335, 339–40 (1941); Burge v. Commissioner, 253 F.2d 765, 769 (4 Cir. 1958); Safeway Stores, Inc. v. Arnall, 196 F.2d 510, 513 (Emer.Ct.App.1952), judgment vacated on other grounds, 344 U.S. 803 (1952); H. A. Brody Corp. v. United States, 197 F.Supp. 918, 922 (S. D.Ia.1961). See also United States v. Missouri Pac. R.R. Co., 278 U.S. 269, 277–78 (1929); United States v. Standard Brewery Inc., 251 U.S. 210, 217

obliged to follow the plain language of the statute as pointed out in its earlier decision of July 19, 1968. 287 F.Supp. at 110.

There is little authority from other jurisdictions regarding the scope of a judgment creditor's rights in a case like this one, but this is to be expected since Connecticut appears to be one of the few states which has a statute such as § 38–175. The following cases, however, indicate that when an insurance policy gives the judgment creditor of the insured the same rights against the insurer as the insured would have if he had satisfied the judgment, the judgment creditor is entitled to collect a judgment in excess of the policy coverage from the insurer which in bad faith or negligently has refused to settle. Kleinschmit v. Farmers Mutual Hail Insurance Ass'n, 101 F.2d 987 (8 Cir. 1939); Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). And the following cases indicate that if the insured validly assigns to the injured party his tort action against the insurer for failure to settle, the injured party can recover from the insurer to the same extent that the insured could have recovered. Smith v. Transit Casualty Co., 281 F.Supp. 661 (E.D.Tex.1968) (applying Texas law); Atlantic City v. American Casualty Insurance Company, 254 F.Supp. 396 (D.N.J.1966) (applying N.J. law); Comunale v. Traders & General Insurance Co., 50 Cal.2d 654, 328 P.2d 198 (1958). The court in *Atlantic City* also stated that the injured party, as a third-party beneficiary of the insured's liability policy requiring the insurer to take complete control of the investigation, preparation and defense of claims against the insured, was entitled to bring an action for alleged breach of the policy by the insurer which resulted in an excess judgment.

■ In this jurisdiction, as this Court pointed out in its earlier opinion, 287 F.

Supp. at 110, this Court has squarely held in Turgeon v. Shelby Mutual Plate Glass & Casualty Co., 112 F.Supp. 355 (D. Conn.1953) (Smith, D. J.), that a judgment creditor has a right of direct action against the debtor's insurer, to recover damages in excess of the policy limits on the ground of the insurer's negligent failure to settle.

Finally, the Court of Appeals for this Circuit is not unfamiliar with litigation arising out of claims against insureds based upon negligence or bad faith in failing to settle within the policy limits. Brockstein v. Nationwide Mutual Insurance Co., 417 F.2d 703 (2 Cir. 1969), slip opinion 155 (October 20, 1969); Young v. American Casualty Co., 416 F.2d 906 (2 Cir. 1969); Bates v. Metropolitan Mutual Insurance Co., 277 F.Supp. 308 (N.D.N.Y.1967), aff'd, 392 F.2d 591 (2 Cir. 1968) (per curiam); Brown v. United States Fidelity & Guaranty Co., 314 F.2d 675 (2 Cir. 1963); Harris v. Standard Accident Insurance Co., 191 F.Supp. 538 (S.D.N.Y.1961), rev'd on other grounds, 297 F.2d 627 (2 Cir. 1961), cert. denied, 369 U.S. 843 (1962).

## MOTION FOR § 1292(b) CERTIFICATION

■ Aside from the other prerequisites for a certification pursuant to 28 U.S.C. § 1292(b), the Court cannot in good conscience certify, with respect to either its July 19, 1968 order or its July 11, 1969 order, that "an immediate appeal from the order may materially advance the ultimate termination of the litigation". ACS Industries, Inc. v. Keller Industries, Inc., 296 F.Supp. 1160 (D.Conn. 1969). And see Gottesman v. General Motors Corp., 268 F.2d 194 (2 Cir. 1959); Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici, 278 F.Supp. 148, 154 (S.D.N.Y.1967).

(1920); United States v. Fraidin, 63 F.Supp. 271, 283 (D.Md.1945); SEC

v. Timetrust, Inc., 28 F.Supp. 34, 41 (N.D.Cal.1939).

## ORDER

ORDERED as follows:

(1) That defendant's motion for rehearing is granted and, after rehearing, the Court's orders of July 19, 1968 and July 11, 1969 are adhered to and confirmed in all respects.

(2) That defendant's motion for certification pursuant to 28 U.S.C. § 1292 (b) is denied with respect to both orders.

(3) That the Court's order of August 7, 1969 staying its order of July 11, 1969 is vacated.

(4) That the Court's order of July 11, 1969 is hereby made effective forthwith upon the filing of the instant order.