David **LAYTON**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY.**

**Civ. A. No. 81–2672.**

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1983.

See also D.C., 530 F.Supp. 285.

Jeffrey L. Pettit, Philadelphia, Pa., for plaintiff.

John P. Penders, Philadelphia, Pa., for defendant.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

In this action the plaintiff seeks to recover damages, under Pennsylvania law, for his insurer's allegedly unfair insurance practices. Plaintiff contends that defendant unreasonably refused to pay uninsured motorist benefits and also refused to arbitrate his claim.

Plaintiff was involved in an automobile accident with an uninsured motorist. A passenger in plaintiff's car was killed in the accident; his estate sued plaintiff and the uninsured motorist in state court. Defendant, Liberty Mutual, retained counsel to represent plaintiff in that action. In this litigation, plaintiff has sought to obtain copies of the documents in Liberty Mutual's file on the state court case. Three of these documents are letters to defendant from the lawyers who represented plaintiff in the state case. Defendant has refused to produce these letters, arguing that they are protected by the attorney-client privilege and that they constitute work product. Defendant has, however, produced them to the court for *in camera* inspection.

These documents are discoverable. As the communications of a "lawyer represent[ing] two clients in a matter of common interest," they are not protected by the attorney-client privilege. *Truck Insurance Exchange v. St. Paul Fire and Marine Insurance Co.,* 66 F.R.D. 129, 132 (E.D.Pa. 1975); *LaRocca v. State Farm Mutual Automobile Insurance Co.,* 47 F.R.D. 278, 290 (W.D.Pa.1969). Plaintiff has also shown a substantial need for the documents and an inability to obtain their substantial equivalent by other means. *See Shapiro v. Allstate Insurance Co.,* 44 F.R.D. 429 (E.D. Pa.1968). They are therefore not protected from disclosure as work product.

Accordingly, defendant shall produce these three letters for plaintiff to inspect and copy. Defendant having raised no objections to the other documents sought by plaintiff's motion to compel discovery, those shall be produced as well.

**458**

## ORDER

Upon consideration of plaintiff's motion to compel production of documents, and defendant's response thereto, it is ORDERED that the defendant shall, within ten (10) days of the date of entry of this Order make available to plaintiff for inspection and copying the following:

1. Letter from Stephen McEwen, Esquire to William Pierro, dated July 15, 1980.

2. Letter from Steven White, Esquire to William Pierro, dated August 3, 1981.

3. Letter from Eric Weiss, Esquire to William Pierro, dated December 2, 1981.

4. All documents relating to defendant's decision to cancel plaintiff's automobile insurance policy.

5. All documents evidencing defendant's procedure and guidelines for the evaluation of claims against defendant for uninsured motorist benefits.