**CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA,**
Plaintiff/counterclaim defendant,

v.

**MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA, et al.,**
Defendant/counterclaim plaintiff.

No. 84–2292C(6).

United States District Court,
E.D. Missouri, E.D.

Sept. 27, 1985.

Kenneth F. Teasdale, Frederick H. Mayer, Thomas B. Weaver, St. Louis, Mo., for plaintiff/counterclaim defendant.

Joseph M. Kortenhof, St. Louis, Mo., Merle L. Silverstein, Bernard C. Brinker, Clayton, Mo., for defendant/counterclaim plaintiff.

## MEMORANDUM

GUNN, District Judge.

This case comes before the Court on the motion of plaintiff Central National Insurance Company to compel. Plaintiff Central National Insurance Company (Central National) was the excess liability insurer of St. Louis University Hospitals providing a policy of umbrella liability coverage beginning in 1973. Defendant Medical Protective Company was the primary insurer of Dr. Joyce Woolsey, who was employed by St. Louis University Hospitals in the years in question. Central National's excess insurance plan therefore extended coverage to Dr. Woolsey for malpractice liability beyond the Medical Protective policy limits.

This action for damages arises out of the failure of defendant to settle a claim against Dr. Woolsey for $250,000, an amount $50,000 in excess of the primary policy limit. In its interrogatories and request for production of documents, plaintiff seeks information and documents relating to the settlement negotiations in the claim against Dr. Woolsey. Medical Protective argues that the information and documents sought are protected by the attorney-client and work-product privileges. This Court disagrees, and grants plaintiff's motion.

■ Plaintiff concedes that communications between an attorney and his client are generally protected from disclosure to third parties. *Fed.R.Evid.* 501; § 491.060(3), RSMo 1978. A general exception to the privilege exists, however, when a lawyer represents two clients in a matter of common interest. The privilege cannot be claimed by one client with respect to communications between him and the attorney in a subsequent action between the two clients. *Truck Insurance Exchange v. St. Paul Fire & Marine Insurance Co.,* 66 F.R.D. 129, 132 (E.D.Pa.1975). *See also Bourget v. Government Employees Insurance Co.,* 48 F.R.D. 29 (D.Conn.1969). *Bourget* involved a claim by an insured against its insurance company for negligently failing to settle a claim within the insurance policy limits. The Court held that the attorney-client privilege did not attach to communications between an attorney and the insurance company when the attorney represented both the insured and the insurer. *Id.* at 33.

■ While the case at hand is not a direct action between two clients represented by the same attorney, the principles just outlined are applicable to the claim of an excess liability insurer against a primary carrier for breach of the duty to make good faith efforts to settle an underlying claim. When there is excess liability coverage, the

duty owed the excess insurance carrier by the primary carrier is identical to that owed to the insured. *Valentine v. Aetna Insurance Co.,* 564 F.2d 292, 297 (9th Cir.1977); *Peters v. Travelers Insurance Co.,* 375 F.Supp. 1347, 1350 (D.C.Cal.1974). Central National thus stands in the shoes of the insured, and may assert against Medical Protective those claims which Dr. Woolsey could have asserted.

 *Simpson v. Motorists Mutual Insurance Co.,* 494 F.2d 850 (7th Cir.1974), was, an action against an insurance company for breach of its good faith duty to settle a claim. The insured assigned his rights under the insurance policy to the plaintiff in the action, and the plaintiff filed his claim against the insurance company. The Court found that the attorney-client privilege did not attach to communications between the insurance company and its attorney, who also represented the insured under the policy. That the insured's claim was assigned to the plaintiff did not constitute grounds for the application of the attorney-client privilege. *Id.* at 855. This Court therefore concludes that based upon these authorities, the attorney-client privilege does not attach to Central National's interrogatories or requests for production of documents.

Defendant also asserts that the material which plaintiff seeks to discover falls within the purview of the work product doctrine. Plaintiff does seek disclosure of the attorney's mental impressions as well as other materials prepared in anticipation of litigation. Yet, the work product is clearly a qualified privilege which may be defeated by a showing of good cause. *Hickman v. Taylor,* 329 U.S. 495, 511–12, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947). This Court holds that plaintiff Central National has established good cause for disclosure of the communications, as such communications are at the heart of its claim against Medical Protective for bad faith failure to settle a claim. *Bourget v. Government Employees Insurance Co.,* 48 F.R.D. at 33. This Court therefore rejects defendant's argument that the work product doctrine applies in this case.

Defendant has further argued that permitting plaintiff to waive the attorney-client privilege as subrogee of Dr. Woolsey's rights against the primary insurer would be inappropriate in this case since Dr. Woolsey has been named as an adverse party. The Court finds this argument to be without merit. The analysis of the duty owed to an excess liability insurer by a primary carrier does not shift based upon alternative grounds of recovery that the excess carrier may assert. Likewise, Central National's denial of liability as an alternate pleading does not defeat its standing to waive the privilege on its first asserted ground for relief.

For the foregoing reasons, this Court grants plaintiff's motion to compel. *See Pine Top Insurance Co. v. United States Fidelity & Guaranty Co.,* No. 84–2327C(1) (E.D.Mo.1985).